# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
#### Published only in the Abstract

---

### JOHNSON v. TIPLING.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8624. Decided Dec. 5, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

677. JUDGMENTS AND DECREES—Where suit is not founded upon written contract to pay money nor on book account, judgment cannot properly be rendered without introduction of evidence.

941. PRACTICE AND PROCEDURE—798. Municipal Court—1. Where rule of Municipal Court provides that there must be specific denials, and general denial is filed, court may strike answer off but may not misconstrue it into admission, may refuse to permit answer to be filed but, in that event, must enter up default and have case sent to room for assessment of damages.

2. Where amount involved brings case within class of cases which were originally Justice of the Peace cases, filing of answer not necessary, and defense may be introduced without any answer or statement of defense being filed.

Error to Municipal Court.
Judgment reversed.
R. J. Moriarty, Cleveland, for Johnson.
Sanford B. Meyerson, Cleveland, for Tipling.
FULL TEXT.

VICKERY, J.

This case comes into this Court on a petition in error to the Municipal Court of the City of Cleveland.

In the court below the plaintiff in error was sued with others for what amounted to a breach of contract, or for rent that was claimed to be due, amounting to One Hundred and Thirty-one Dollars and some odd cents. Summons was issued and served, and a statement of defense was filed, which in effect amounted to a general denial. The case was set down for trial, and on the day of the trial the plaintiff appeared by his counsel and the defendant likewise, whereupon the court treated the answer of the defendant, although it was a general denial, as a confession and refused to let him put in any evidence or put anything in the lawsuit, although he was present, ready and able to proceed with the case, and without any evidence being introduced by the plaintiff to sustain his claim, the court entered a judgment for the full amount of the plaintiff's claim. It is to reverse that judgment that error is prosecuted here.

It is not necessary to make any comments upon this method of proceeding in law suits. Suffice it to say that this suit was not founded upon a written contract to pay money, nor upon a book account, and consequently a judgment cannot properly be rendered without the introduction of evidence.

We are not criticising the rule of the Municipal Court which provides that there must be specific denials, but we do criticise the method of procedure when a general denial is filed. The only thing that a court should do under such circumstances would be to strike the answer off, but it cannot misconstrue it into an admission, and then it could refuse, if it saw fit, to permit them to file an answer and could treat the case as being one in default, but in that event the only thing it could do, would be to enter up a default and then have the case sent to a room for the assessment of damages. It was clearly erroneous to enter this judgment, for it was entered by default, even though it was claimed to be a judgment on the pleadings.

Just on what theory a judgment could be entered on the petition in favor of the plaintiff and say there was a judgment on the pleadings, is a little hard to understand. As a matter of fact the amount involved in this lawsuit brought it within that class of cases which were originally Justice of the Peace cases. In that kind of a case it was not necessary to file an answer at all, but the defense could be introduced without any answer or statement of defense being filed, and so when the defendant's attorney was there, ready to cross examine and put in the defense, the court clearly committed error in refusing to admit that defense.

Therefore, this case must be reversed and be remanded to the Municipal Court for further proceedings in accordance with law.

(Sullivan, PJ. and Levine, J., concur.)